ment of the Circuit Court rendered in an action under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*).  Following *Lavin v. Wells Bros. Co.*, No. 20,799, 195 Ill. App. ??.

Frank Nelson, Defendant in Error, v. Albert Miller and E. Percy Miller, trading as Albert Miller & Company, Plaintiffs in Error.

## Gen. No. 20,062.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.  Heard in this court at the March term, 1914.  Affirmed.  Opinion filed November 1, 1915.

## Statement of the Case.

Action by Frank Nelson, plaintiff, against Albert Miller and E. Percy Miller, copartners, trading as Albert Miller & Company, defendants, to recover the purchase price of three cars of hay sold by plaintiff to defendants.  The defenses set up were that the quality was not as represented and unreasonable delay in making the shipment.  Defendants also claimed as a set-off damages by reason of delay in the shipment.

Plaintiff introduced evidence, which was uncontradicted, showing that a representative of defendants, who were engaged in business in Chicago, spent "a couple of hours" on top of the hay examining it at plaintiff's ranch near Potomac, Montana, examined it all and then told plaintiff he would purchase it.  Plaintiff also showed that he was under no obligation as to delivery beyond loading the hay at Potomac.  Defendants placed no witnesses on the stand and asked no questions of any of them.

The jury, under instructions of the court, returned a verdict for plaintiff in the amount of $259.77, and against defendants' set-off.  To reverse the judgment entered thereon, defendants prosecute this writ of error.

W. KNOX HAYNES and MICHAEL FEINBERG, for plaintiffs in error.

BAKER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 279*—*when misrepresentation as to quality of goods not a defense.* Where the purchaser of goods inspected the goods and thereafter agreed to purchase them, he cannot set up a failure of quality as a defense to an action for the purchase price.

2. SALES, § 199*—*when delay in delivery not a defense.* Where the evidence shows that the seller of goods was under no obligation as to delivery beyond loading the goods at the place, delay in hauling the goods to the purchaser after they were loaded is not a defense to an action for the purchase price.

3. TRIAL, § 68*—*what insufficient offer of proof.* The engaging by counsel in a discussion with the court without placing any witnesses on the stand or questioning any does not constitute an offer of evidence.

4. TRIAL, § 68*—*what not a refusal to admit evidence.* Remarks of the court in a discussion with counsel do not constitute a refusal to admit evidence where no witnesses are questioned and none placed on the stand.

5. APPEAL AND ERROR, § 1420*—*when error without prejudice.* On appeal, in an action to recover the purchase price of cars of hay, a difference in the weights of the bales in the cars is not a ground for reversal where the trial court accepted the weights claimed by defendants and instructed the jury to return a verdict on that basis.

John F. Devine, Administrator, Plaintiff in Error, v. Chicago & Western Indiana Railroad Company and Belt Railway Company of Chicago, Defendants in Error.

## Gen. No. 20,375. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.